IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                          **CAUSE NO. 1:07CR12-LG-JMR-1**

**RAY ANTHONY CHANEY**

## ORDER DENYING MOTION TO CLARIFY JUDGMENT AND CORRECT FEDERAL RECORDS

**BEFORE THE COURT** is the Motion to Clarify Judgment and Correct Federal Records [65] filed by Ray Anthony Chaney, which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant 28 U.S.C. § 2255. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that Chaney's Motion should be dismissed as a successive petition.

## BACKGROUND

A jury convicted Chaney of (1) theft of a firearm from a federal firearms licensee, (2) possession of a stolen firearm, and (3) possession of a firearm by a convicted felon. On October 29, 2007, he was sentenced to 120 months imprisonment as to counts 1 and 2 and 235 months imprisonment as to count 3, to run concurrently. He was also sentenced to three years of supervised release as to counts 1 and 2 and five years of supervised release as to count 3, to run concurrently. Chaney appealed the conviction, which was affirmed by the Court of Appeals for the Fifth Circuit. The United States Supreme Court denied Chaney's petition for a writ of certiorari. Chaney then filed a Motion to Vacate, Set Aside, or

Correct Sentence by a person in Federal Custody pursuant 28 U.S.C. § 2255.  He argued that his trial counsel was ineffective for failing to: (1) object to the use of prior Mississippi burglary convictions for sentence enhancements, (2) object to the use of the 2006 Sentencing Guidelines, and (3) impeach a witness named Dale Smith.  Chaney also argued that his appellate counsel was ineffective because she did not appeal these alleged failures.  This Court denied Chaney's 2255 petition on August 17, 2010.  Chaney filed a Notice of Appeal, and the Fifth Circuit affirmed this Court's denial of the Motion.

Chaney filed the present Motion, arguing that his prior crimes should not have been used to enhance his sentence, because they were not "violent crimes" under 18 U.S.C. § 924(e).  He claims that correspondence he received from the Jackson County Public Defender's Office on March 13, 2014, supports his argument. This correspondence states that the public defender's office lost all of its files during Hurricane Katrina.  Chaney claims that the factual basis for his prior criminal convictions could not have been determined due to the loss of the public defender's files, and thus this Court had no way of determining that his prior crimes were "violent crimes" under the statute when it enhanced his sentence on this basis.[1]  He argues that his sentence violated his constitutional right to due process, because he claims that it was based on erroneous information.  Chaney seeks the following

---

[1] Chaney has not produced any evidence that the circuit court files or the files possessed by any other entity, such as the district attorney's office, have been lost; he merely provides correspondence indicating that the files belonging to the public defender's office were destroyed.

relief in his Motion:

> This Honorable Court could choose as a District Court with the judicial authority invested to it by Congress and the Constitution . . ., and upholding [sic] that a general rule that a violation of due process exists when a sentencing judge has relied upon erroneous information that has resulted in a criminal sentence having been based on non-existent material fact has threaten [sic] to compromise the fairness, integrity, or public reputation of judicial proceeding [sic].  is [sic] duty bound to review the records and clarify whether, if faced with the sentencing of the petitioner today the court would impose a sentence that would by no means exceed the statutory provision, of 0-to-10 years or a guideline [sic] range of 87-to-108 months.  Petitioner would request that this Honorable take upon itself to do what is [sic] deems just and proper, in the interest of fairness and holding with the due process of the law of the land[:]  The Constituiton [sic][.]

(Def.'s Mot. at 3-4, ECF No. 65).

## DISCUSSION

Although Chaney's Motion is styled as a motion to clarify the judgment entered against him and to correct federal records, the Motion is, in essence, a request for a determination that his sentence violated his constitutional rights. Therefore, Chaney's Motion is a Section 2255 motion.  *See* 28 U.S.C. § 2255(a) (providing that a 2255 motion may be filed to assert that a sentence was imposed in violation of the United States Constitution).

"A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining [the Fifth Circuit's] authorization.  *United States v. Hernandez*, 708 F.3d 680, 681 (5th Cir. 2013) (citing 28 U.S.C. § 2255(h)).  Thus, district courts do not have jurisdiction to consider successive § 2255 motions unless the Fifth Circuit has authorized the successive

motion.  *Id.*  "If a second or successive section 2255 motion is filed in the district court before leave of [the Fifth Circuit] has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to [the Fifth Circuit]."  *In re Hartzog,*, 444 F. App'x 63, 64-65 (5th Cir. 2011) (citing *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).  A "later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Chaney's current Motion could have been raised in his earlier 2255 motion. In fact, to some extent, Chaney's Motion reasserts an argument that *was* previously raised in Chaney's 2255 Motion and rejected by this Court.  This Court previously held that Chaney's prior burglary convictions were "violent crimes" under 18 U.S.C. § 924(e)(2)(B)(ii) by reviewing Mississippi's burglary statute.  *See* Order Denying Motion to Vacate Sentence at 9-10, ECF No. 52.  Chaney has not obtained leave from the Fifth Circuit to file the present Motion.  As a result, the Court finds that Chaney's Motion constitutes a successive 2255 motion that should be dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Motion to Clarify Judgment and Correct Federal Records [65] filed Ray Anthony Chaney, which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant 28 U.S.C. § 2255, is

**DISMISSED** for lack of jurisdiction.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2015.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
Chief United States District Judge