IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                        **CRIMINAL NO. 1:07CR12-LG-JMR**
                                                                        **CIVIL NO. 1:16CV224-LG**

**RAY ANTHONY CHANEY**

**ORDER GRANTING MOTION TO DISMISS
AND DISMISSING MOTION TO VACATE AS SUCCESSIVE**

BEFORE THE COURT is Defendant Ray Anthony Chaney's [70] Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, and the government's [76] Motion to Dismiss Untimely Successive Petition for 2255 Relief. The issues presented by motions have been fully briefed. After due consideration of the submissions, the record in this case and the relevant law, it is the Court's opinion that the government's Motion to Dismiss should be granted and the defendant's Motion to Vacate should be dismissed as successive.

BACKGROUND

After a jury trial in July 2007, Defendant Chaney was convicted of stealing a firearm from a federally licensed firearms dealer, possession of a stolen firearm, and being a felon in possession of a firearm. His conviction and sentence were upheld on appeal. *United States v. Chaney*, 299 F. App'x 390 (5th Cir. 2008). Chaney then filed a motion to vacate under 28 U.S.C. § 2255. (ECF No. 42). Among his grounds for relief was a claim that counsel should have raised an objection at sentencing that Chaney's prior burglaries did not meet the statutory definition of violent crimes. In its order denying the motion, the Court stated:

> Pursuant to 18 U.S.C. § 924(e), the Court employed the Armed Career
> Criminal enhancement to Chaney's sentence. This enhancement
> raised his Sentencing Guideline offense level from a 16 to a 33.
> Further, this statute provides in part, that there is a fifteen year
> minimum sentence for a person convicted of felon in possession of a
> firearm, when that person "has three previous convictions . . . for a
> violent felony . . . committed on occasions different from one another."
> 18 U.S.C. § 924(e)(1). The statute defines "violent felony" to mean,
> among other things, 'any crime punishable by imprisonment for a term
> exceeding one year, or any act of juvenile delinquency involving the use
> or carrying of a firearm . . . that would be punishable by imprisonment
> for such term if committed by an adult, that . . . is burglary. . . ." 18
> U.S.C. § 924(e)(2)(B)(ii). "Burglary" under this statute is defined as
> "any crime, regardless of its exact definition or label, having the basic
> elements of unlawful or unprivileged entry into, or remaining in, a
> building or structure, with intent to commit a crime." *Taylor v. United
> States*, 495 U.S. 575, 599 (1990).

(Order Denying Motion to Vacate 9, ECF No. 52). The Court concluded that all five of the 1981 burglary convictions were violent crimes under the Armed Career Criminal Act ("ACCA"). (*Id*. at 10).

Approximately four years later, Chaney filed another § 2255 motion, arguing that his prior burglaries should not have been used to enhance his sentence, because they were not violent crimes under the ACCA. *United States v. Chaney*, No. 1:07cr12-LG-JMR, 2015 WL 5021723, at *1 (S.D. Miss. Aug. 24, 2015). The motion was found to be successive and dismissed for lack of jurisdiction. *Id*. at 2. Chaney's appeal of the decision was dismissed for lack of prosecution. (*See* Certified Copy of Judgment/Mandate of USCA, ECF No. 68).

In this third § 2255 motion, Chaney challenges his sentencing as a career criminal under the ACCA after the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual

clause in the ACCA's definition of a violent felony is unconstitutionally vague. *Id.* at 2555-63. Chaney argues that *Johnson* is applicable to his sentencing because two of the seven prior convictions that rendered him an armed career criminal fell under the residual clause. He contends that under the rule of lenity, the remaining five convictions should be considered as one because the five burglaries were combined in a five count indictment, and there is no information about the individual burglaries in the Presentence Investigation Report. Thus, Chaney argues that for purposes of the ACCA, he has only one, not five previous convictions for a violent felony.

Finding that Chaney had "made a showing of possible merit sufficient to warrant a fuller exploration by the district court," the Fifth Circuit Court of Appeals authorized Chaney's successive § 2255 motion. (USCA Order 2, ECF No. 72). The appellate court instructed this Court that "[o]ur grant of authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Chaney has failed to make the showing required by § 2255(h)(2)."[1] (*Id.*). Thus, the appellate court has charged this Court with

---

[1] This provision of 28 U.S.C. § 2255 reads:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
. . .
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

determining whether Chaney's § 2255 motion actually presents an issue resolved by the new rule announced in *Johnson*.

## DISCUSSION

The Court ordered the government to respond to Chaney's Motion, which it did by filing the Motion to Dismiss presently before the Court. The government contends that *Johnson* does not apply to Chaney's sentencing because the Court did not rely on the residual clause of the ACCA. (Gov't Mot. to Dismiss 6, ECF No. 75). Instead, the Court relied on Chaney's prior burglary convictions to find him a career criminal, and burglary is among the enumerated crimes in the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

Chaney argues that although he had seven prior burglary convictions, two of those – burglary of a non-dwelling and burglary – no longer qualify as violent felonies under the ACCA after *Johnson* because they fall under the residual clause. (Def. Resp. 6, ECF No. 78). As a result, there are only five felony convictions the Court could properly rely on to find Chaney a career criminal. *Id*. Chaney argues that these five burglary and larceny of a dwelling convictions should count as a single conviction because the Court was not provided with sufficient information to know precisely when the five burglaries were committed. A single conviction for a violent felony is not sufficient to sentence Chaney as an armed career criminal; the enumerated-offenses clause requires three violent felonies that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Chaney's argument goes to the merits of his claim and does not address the

necessary prerequisite – whether the holding of *Johnson* applies to his sentencing. Since "limiting language in the *Johnson* opinion makes clear that its holding does not extend to the enumerated-offenses clause," *United States v. Smith*, 817 F.3d 492, 493 (6th Cir. 2016), the Court finds that *Johnson* does not justify analysis of the merits of this successive § 2255 motion.  Even if the *Johnson* decision invalidated reliance on two of the burglary convictions under the residual clause of the ACCA, *Johnson* neither created nor affected Chaney's claim that the Court should have counted the remaining five burglary convictions as one for purposes of the enumerated-offenses clause.  Accordingly, Chaney's § 2255 motion must be dismissed as successive without reaching the merits.

If it was necessary to analyze the merits of the motion, the Court would not agree that the five burglary convictions count as one for purposes of the ACCA. Chaney argues that "all five of his prior burglary and larceny of a dwelling convictions were litigated on the same day in Mississippi state court, and he was arrested on the same day for the five charges." (Def. Resp. 9, ECF No. 78).  Chaney argues that the Court was required by the rule of lenity to assume that the burglaries were committed on the same "occasion" because the Presentence Investigation Report did not provide any detail about them.

The dates of Chaney's arrest for burglary or conviction on the five-count indictment have no bearing on when the burglaries were committed, and Chaney's trial counsel previously provided an affidavit stating that the burglaries "involved five separate victims and occurred at different times on September 9th, 11th, and

15th of 1981." (Cox Aff. 2, ECF No. 49). Appellate counsel agreed. (Allred Aff. 3, ECF No. 48) ("Counsel determined that Chaney had five separate convictions for burglary of a dwelling in December of 1981 which satisfied the 'violent felony' requirement under the armed career criminal statute."). Even if Chaney is correct that the Court did not have adequate information at sentencing to determine if the burglaries were committed on separate occasions, that information has been put on the record post-sentencing. Chaney is not entitled to resentencing because he was at all times subject to the ACCA.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [76] Motion to Dismiss filed by the United States of America is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [70] Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Ray Anthony Chaney is **DISMISSED AS SUCCESSIVE**.

**SO ORDERED AND ADJUDGED** this the 10th day of January, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE